STEVEN G. KALAR
Federal Public Defender
NED SMOCK
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500
Counsel for Defendant Jackson

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-09-01063 CW |
| | ) | |
| Plaintiff, | ) | **STIPULATED REQUEST TO MODIFY** |
| | ) | **TERMS OF SUPERVISED RELEASE** |
| vs. | ) | **AND ORDER** |
| | ) | |
| SHELDON JACKSON | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 2, 2010, Sheldon Jackson was sentenced to a term of 48 months imprisonment and 3 years of supervised release. One of the conditions of supervised release was that Mr. Jackson was not permitted to return to North Richmond. In the Presentence Investigation Report, the assigned United States Probation Officer, Insa Amina Bel'Ochi, recommended that a term of four months in the halfway house be included as part of Mr. Jackson's term of supervised release after he finished his prison sentence. Specifically, the recommendation read as follows:

> To further facilitate [Mr. Jackson's] success, it is recommended that the defendant is afforded a four month placement at a half-way house. The placement is not a punitive sanction but a public-law placement, which can be terminated or waived, on approval of the probation officer, once the defendant has secured an appropriate housing alternative, therapeutic support, and employment or vocation/educational involvement.

At sentencing, the Court followed this recommendation of four months in the halfway

1 house, indicating on the record that should Mr. Jackson find appropriate housing and
2 employment or educational involvement, the halfway house requirement could be revisited.  The
3 judgment, however, did not indicate that the four-month halfway house placement could be
4 terminated or waived by the assigned probation officer.

5 Mr. Jackson is currently at the Oakland halfway house.  His 48 month sentence is
6 scheduled to end on May 20, 2013.  Mr. Jackson has an appropriate housing arrangement in
7 place.  United States Probation has visited and approved a residence for Mr. Jackson with his
8 wife in Pinole.  In addition, Mr. Jackson is enrolled in adult school classes to get his General
9 Equivalency Diploma.  For these reasons, the parties agree that further time in the halfway house
10 is unnecessary.  Mr. Jackson's assigned probation officer is in agreement that he should be
11 permitted to commence his term of supervised release at home with his wife while enrolled in
12 school.

14 May 20, 2013 /s/
NED SMOCK
15 Assistant Federal Public Defender

17 May 20, 2013 /s/
JAMES MANN
18 Assistant United States Attorney

*U.S. v. Sheldon Jackson*
No. CR 09-01063 CW

**ORDER**

Based on the reasons provided in the stipulation of the parties above, IT IS HEREBY ORDERED THAT the requirement that Mr. Jackson reside for a period of four months in a community correction facility following his release from the Bureau of Prisons **is waived, as recommended by the probation officer**. Mr. Jackson must abide by all other conditions of his three year term of supervised release as set forth in the judgment.

IT IS SO ORDERED.

Date: 5/21/2013

HON. CLAUDIA WILKEN
United States District Judge

*U.S. v. Sheldon Jackson*
No. CR 09-01063 CW